UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HELEN T. GARDNER,

              Plaintiff,

          - against -

VERIZON COMMUNICATIONS INC.,

              Defendant.
------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
16-CV-814 (RRM) (RML)

ROSLYNN R. MAUSKOPF, United States District Judge.

        Plaintiff *pro se* Helen T. Gardner seeks life insurance benefits for her daughter's death, pursuant to a policy issued by Gardner's former employer, defendant Verizon Communications Inc. ("Verizon").[1] Before the Court is Verizon's motion to dismiss Gardner's first amended complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which relief can be granted. (*See* Mot. Dismiss (Doc. No. 19-2).) Specifically, Verizon seeks to dismiss (1) Gardner's state law claims because they are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), and (2) Gardner's claims for compensatory and punitive damages because ERISA limits her legal relief to the $5,000 life insurance benefits due under her life insurance plan, which have already been paid to Gardner. (*See id.*)

        For the reasons that follow, Verizon's motion to dismiss is granted. However, Gardner is granted thirty (30) days from the date of this Memorandum and Order to seek leave to amend her complaint to include a claim for contractual damages for interest accrued on the delayed disbursement of benefits.

---

[1] Gardner commenced this action in December 2015 in the Supreme Court of the State of New York, Kings County, and Verizon removed the action on February 17, 2015 to this Court, pursuant to 28 U.S.C. § 1441(b) and 29 U.S.C. § 1132(e). (*See* Notice of Removal (Doc. No. 1).)

## BACKGROUND

The following facts, liberally construed, are taken from Gardner's first amended complaint and considered to be true for purposes of this motion to dismiss. Gardner worked for "New York Telephone/ Atlantic/ NYNEX/ Verizon" from 1971 until 2006. (First Am. Compl. (Doc. No. 11) at 1.)[2] After retiring in 2006, Gardner made monthly payments to her former employer, Verizon, "for a $5,000 supplemental insurance policy for [her] daughter" under the Verizon Dependent Group Life Insurance Plan for New York and New England Associates (the "Plan"). (*See id.*) When Gardner's daughter passed away on November 15, 2016, Gardner "called the Verizon Benefit Center to advise them of [her] daughter's passing in order to collect the supplemental policy." (*Id.* at 1–2.) Gardner was advised that her daughter "had 'no policy.'" (*Id.* at 2.) Gardner alleges that Verizon deliberately falsified online records to state that the supplemental policy had been terminated on January 1, 2015, before her daughter's death. (*See id.* at 2–4.)

Gardner alleges that Verizon refused to pay life insurance benefits under the Plan. (*See id.* at 3–4; Mot. Dismiss at 5.) Gardner concedes in her first amended complaint that the Plan is an employee benefit plan under ERISA,[3] and asserts causes of action under ERISA and related state law claims of deceptive acts and practices, breach of contract, and "intentional misrepresentation/fraud." (*See id.* at 3–4.) Gardner's first amended complaint seeks compensatory damages in the amount of the life insurance policy of $5,000 and punitive damages in the amount of $1,000,000. (*See id.*)

---

[2] For ease of reference, citations to Court documents utilize the Electronic Case Filing System ("ECF") pagination.

[3] Gardner's original complaint asserted only state law claims. (*See* Notice of Removal.) However, after Verizon raised affirmative defenses that ERISA governs the Plan and therefore preempts state law claims, (*see* Answer (Doc. No. 5)), Gardner amended her complaint, asserting ERISA claims and claims for additional damages. (*See* First Am. Compl.) Additionally, Gardner concedes in her briefs to the Court that ERISA governs the Plan. (*See* Pl.'s Mem. in Supp. (Doc. No. 19-6); Mot. Summ. J. (Doc. No. 24).)

It is undisputed that on or about May 31, 2016, following the filing of the instant action, Gardner received the $5,000 in life insurance benefits due under the Plan. (*See* Mot. Dismiss at 12–13; Pl.'s Mem. in Supp. (Doc. No. 19-6) at 9.) Verizon subsequently moved to dismiss Gardner's first amended complaint, on the grounds that she received her benefits due under the Plan and was not entitled to further relief. (*See* Mot. Dismiss.)

On July 5, 2016, Gardner opposed Verizon's motion and subsequently filed a motion to amend her complaint for a second time. (*See* Notice of Mot. to Amend (Doc. No. 19-5); Pl.'s Mem. in Supp.)[4] In her proposed second amended complaint, Gardner asserts claims for damages under ERISA for (1) "improperly denying benefits to current or former employees"; (2) "breach of fiduciary duty toward employees covered by plans"; and (3) "interference with the right of employees covered by plans." (*See* Pl.'s Mem. in Supp. at 5.) Gardner also seeks additional civil and criminal penalties pursuant to the following federal statutes: (1) 18 U.S.C. § 1027, entitled False Statements and Concealment of Facts in Relation to Documents Required by ERISA; (2) 29 U.S.C. § 1140, entitled Interference with Protected Rights; (3) 29 U.S.C. § 1149, entitled Prohibition on False Statements and Representations; (4) the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (5) Section 802 of the Sarbanes-Oxley Act of 2002, 18 U.S.C. §§ 1501, 1519, 1520; and (6) Section 904 of the Sarbanes-Oxley Act of 2002, 29 U.S.C. § 1131. (*See* Pl's Mem. in Supp. at 5–10.)[5]

---

[4] Gardner's motion to file a second amended complaint appears in two docket entries. (*See* Doc. Nos. 17, 19.) Although the motion filed on July 7, 2016 (Doc. No. 17) includes two additional pages as exhibits, the substantive content of each motion is identical. (*Compare* Doc. No. 17, *with* Doc. Nos. 19-5–19-12.) The additional pages constitute a copy of Gardner's phone log, which includes timestamps of her phone calls to Verizon's life insurance policy representatives. (*See* Doc. No. 17-5 at 2–4.)

[5] The Court notes that after filing her motion to file a second amended complaint and opposition to Verizon's motion to dismiss, Gardner filed a motion for summary judgment on November 28, 2016. (Mot. Summ. J. (Doc. No. 24).) Verizon subsequently filed an opposition to Gardner's motion for summary judgment on December 12, 2016. (Def.'s Opp'n to Mot. Summ. J. (Doc. No. 25).) The Court declines to reach Gardner's motion for summary judgment at this time, and notes that Gardner's motion for summary judgment merely restates her previous allegations.

## STANDARD OF REVIEW

Pursuant to Rule 12(b)(6), a party may move to dismiss a cause of action that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to withstand a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). The Court assumes the truth of the facts alleged, and draws all reasonable inferences in the nonmovant's favor. *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). Although all factual allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal* 556 U.S. at 678.

When a plaintiff proceeds *pro se*, the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Notwithstanding the liberal pleading standards granted to a *pro se* plaintiff, if "the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is warranted. *Twombly*, 550 U.S. at 558.

## DISCUSSION

### I. Express Preemption Under ERISA

In 1974, Congress enacted ERISA to provide comprehensive and uniform regulation of employee benefit plans – including employee welfare benefit plans – in order to protect

"participants in employee benefit plans and their beneficiaries." *See* 29 U.S.C. §§ 1001(b), 1002(1), 1003(1). ERISA defines an employee welfare benefit plan, in pertinent part, as "any plan, fund or program . . . established or maintained by an employer or by an employee organization . . . for the purpose of providing its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care . . . or benefits in the event of sickness, accident or disability . . . ." 29 U.S.C. § 1002(1).

When a plaintiff brings a cause of action that relates to an employee benefit plan, that cause of action is governed by ERISA's civil enforcement provision. *See* 29 U.S.C. § 1132; *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65–66 (1987). ERISA expressly preempts any and all state law claims that "relate to" an employee welfare benefit plan. 29 U.S.C. § 1144 ("[T]he provisions of this title and title IV shall supersede any and all State laws insofar as they may . . . relate to any employee benefit plan described in section 1003(a) . . . ."); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48–51 (1987); *Metro. Life*, 481 U.S. at 62–63; *Smith v. Dunham-Bush, Inc.*, 959 F.2d 6, 8–10 (2d Cir. 1992). A state law "relates to" an employee benefit plan "if it has a connection with or reference to such a plan." *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 147 (2001) (internal quotation marks and citation omitted); *HMI Mech. Sys., Inc. v. McGowan*, 266 F.3d 142, 148 (2d Cir. 2001) ("A state law relates to employee benefit plans . . . whenever it purports to regulate, directly or indirectly, the terms and conditions of employee benefit plans.") Because ERISA expressly preempts state law in a "deliberately expansive" manner, courts give a broad commonsense meaning to the phrase "relate to." *See Pilot Life*, 481 U.S. at 45–46.

Specifically, state statutory claims are preempted by ERISA "where they provide an alternative cause of action to employees to collect benefits protected by ERISA, refer specifically to ERISA plans and apply solely to them, or interfere with the calculation of benefits owed to an

employee." *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 114 (2d Cir. 2008) (finding plaintiff's state statutory claim of unfair trade practices preempted because the claim was premised on the termination of an employee benefit plan and denial of plan benefits). Similarly, state common law claims are preempted where they "seek to rectify a wrongful denial of benefits promised under ERISA-regulated plans." *Id.* (internal quotation marks and citations omitted) (applying preemption to plaintiff's state common law claims of breach of contract and reckless misrepresentation); *see also Smith*, 959 F.2d at 10 (applying preemption to breach of contract and negligent misrepresentation claims).

In her first amended complaint, Gardner asserts a cause of action under ERISA, seeking life insurance benefits under the Plan as a result of her daughter's death. (*See* First Am. Compl. at 3; Mot. Dismiss at 5.) There is no dispute that the Plan constitutes an employee welfare benefit plan within the meaning and intent of ERISA. (*See* First Am. Compl. at 3; Mot. Dismiss at 5–6, 9); *see also* 29 U.S.C. § 1002(1). As such, ERISA preempts Gardner's second, third, and fourth claims because the state statutory and common law claims "relate to" the Plan.

Gardner's second claim, for relief alleging deceptive acts and practices pursuant to New York's General Obligations Law § 349, is preempted because the state claim relates to Verizon's alleged termination of the ERISA plan and denial of the ERISA plan's benefits. *See Paneccasio*, 532 F.3d at 114. Similarly, Gardner's third and fourth claims, alleging breach of contract and "intentional misrepresentation/fraud," are preempted because they relate to the alleged termination of an ERISA plan and the denial of an ERISA plan's benefits. *See id.* at 114. Therefore, Verizon's motion to dismiss Gardner's state law claims is granted.

## II. Compensatory and Punitive Damages Under ERISA

ERISA's civil enforcement provision states that an ERISA plan participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce

his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1). Courts have consistently held that ERISA's comprehensive civil enforcement scheme indicates that ERISA's civil enforcement remedies are exclusive. *Pilot Life*, 481 U.S. at 54 ("The deliberate care with which ERISA's civil enforcement remedies were drafted and the balancing of policies embodied in its choice of remedies argue strongly for the conclusion that ERISA's civil enforcement remedies were intended to be exclusive."); *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985) ("The six carefully integrated civil enforcement provisions . . . provide strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly."); *see also* 29 U.S.C. § 1132. As such, ERISA does not permit the recovery of extra-contractual compensatory or punitive damages. *Pilot Life*, 481 U.S. at 54–55 (finding plaintiff may not supplement its claim for ERISA plan benefits with state law compensatory or punitive damage claims); *see also Aetna Health Inc. v. Davila*, 542 U.S. 200, 214–16 (2004) (reaffirming the exclusivity of ERISA's civil enforcement remedies); *Russell*, 473 U.S. at 146 (finding that ERISA's exclusive remedies barred plaintiff from seeking extra-contractual and punitive damages for a delay in processing her claim).

Here, Gardner seeks compensatory damages of $5,000 "in the amount of the life insurance policy" and punitive damages of $1,000,000 to rectify an alleged wrongful denial of her ERISA plan benefits. (First Am. Compl. at 4.) Because Gardner asserts a cause of action under ERISA, her legal relief is limited to the remedies provided under 29 U.S.C. § 1132(a)(1)(B). The parties agree that Gardner has received the $5,000 in life insurance benefits due under the Plan. (*See* Mot. Dismiss at 12–13; Pl.'s Mem. in Supp. at 9; *see also* Def.'s Opp'n to Mot. Summ. J. at 4 ("Prudential paid the Plan benefits sought by Gardner as a result of the death of Decedent on May 31, 2016."); Life Insurance Claim Status Ex. C (Doc. No.

25-2) at 42.) Gardner's claims for extra-contractual compensatory damages and punitive damages supplement the $5,000 in benefits she already received under the ERISA plan. Because ERISA limits Gardner's legal relief to the remedies under 29 U.S.C. § 1132(a)(1)(B), Gardner may not recover the compensatory or punitive damages that she seeks. *See Davila*, 542 U.S. at 214–16; *Russell*, 473 U.S. at 146. Therefore, Gardner lacks any legal basis for the relief she seeks under ERISA, and her claims for relief are dismissed.

### III. Leave to Amend

In her opposition to Verizon's motion to dismiss, Gardner seeks leave to amend her complaint for a second time. (*See generally* Notice of Mot. to Amend; Pl.'s Mem. in Supp.) In her proposed second amended complaint, Gardner asserts claims for damages under ERISA for (1) "improperly denying benefits to current or former employees"; (2) "breach of fiduciary duty toward employees covered by plans"; and (3) "interference with the right of employees covered by plans." (*See* Pl.'s Mem. in Supp. at 5.) Gardner seeks civil penalties and fines pursuant to the following federal statutes: (1) 18 U.S.C. § 1027, entitled False Statements and Concealment of Facts in Relation to Documents Required by ERISA; (2) 29 U.S.C. § 1140, entitled Interference with Protected Rights; (3) 29 U.S.C. § 1149, entitled Prohibition on False Statements and Representations; and (4) the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. (*See id.* at 5–10.) Gardner also seeks criminal penalties and fines pursuant to the following federal statutes: (1) Section 802 of the Sarbanes-Oxley Act of 2002, 18 U.S.C. §§ 1501, 1519, 1520; and (2) Section 904 of the Sarbanes-Oxley Act of 2002, 29 U.S.C. § 1131. (*See id.*)

Pursuant to Rule 15(a)(1), a party may amend a pleading once as a matter of course, Fed. R. Civ. P. 15(a)(1), which Gardner did on April 7, 2016, (*see generally* First Am. Compl.) Thereafter, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Generally, courts "should freely give leave [to

8

amend] when justice so requires." *Id.* The Supreme Court has interpreted this rule to mean that "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).

The Second Circuit has recognized that although pro se filings are "to be read liberally," a court should not give leave to amend when an amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (finding leave to amend would be futile where the complaint, even when read liberally, did not suggest that the *pro se* plaintiff has a claim); *see also Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("One appropriate basis for denying leave to amend is that the proposed amendment is futile.") (internal citations omitted); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 809–10 (2d Cir. 1990) ("[W]here, as here, there is no merit in the proposed amendments, leave to amend should be denied."). A proposed amendment is futile where it cannot withstand a Rule 12(b)(6) motion to dismiss because the proposed amendment fails to state a claim upon which relief can be granted. *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002).

As discussed above, ERISA's exclusive civil enforcement provision limits Gardner's relief to the remedies under 29 U.S.C. § 1132(a)(1)(B). It is undisputed that Gardner has already received the $5,000 in life insurance benefits due under the Plan. (Mot. Dismiss at 12–13; Pl.'s Mem. in Supp. at 9.) In her proposed amendment, Gardner seeks statutory penalties and fines beyond ERISA's exclusive remedy scheme.[6] Although ERISA provides for certain penalties and

---

[6] In a letter to the Court dated July 7, 2016, Gardner also alleges "a breach of fiduciary duty toward employees covered by the plan," and seeks monetary damages. (7/7/16 Letter (Doc. No. 18) at 1; *see also* Pl.'s Mem. in Supp.

fines against plan administrators and fiduciaries, those provisions permit government redress, not private causes of action. *See* 29 U.S.C. §§ 1111, 1131, 1132(l), 1132(c)(2), 1149. Gardner has not established that any of the statutes she relies upon provide private causes of action. Thus, Gardner fails to allege claims upon which relief may be granted, and leave to amend her complaint a second time is futile. Accordingly, Gardner's motion to amend her complaint to include statutory penalties and fines is denied.

In regards to Verizon's seven month-long delay in disbursing her $5,000 life insurance benefits, Gardner claims that she is owed "prejudgment interest" under ERISA. (Pl.'s Mem. in Supp. at 11–12.) However, because Gardner did not recover a money judgment from a district court, no prejudgment interest is warranted in this case. *See* 28 U.S.C. § 1961.

That said, courts have found that ERISA § 502 permits awards of equitable relief and/or contractual damages under certain circumstances to compensate a beneficiary where there has been a delay in the disbursement of money owed under an ERISA plan. *See Milgram v. Orthopedic Assocs. Defined Contribution Pension Plan*, 666 F.3d 68, 78–79 (2d Cir. 2011); *Dobson v. Hartford Fin. Servs. Grp., Inc.*, 399–400 (2d Cir. 2004). However, Gardner neither seeks such remedies, nor does she allege any facts from which this Court can glean whether she

---

at 5.) Actions for breach of fiduciary duty must be brought in a representative capacity on behalf of the plan as a whole, rather than on behalf of an individual beneficiary or plan participant. *Coan v. Kaufman*, 457 F.3d 250, 261 (2d Cir. 2006); *see Russell*, 473 U.S. at 142. For a plaintiff to successfully state a claim for breach of fiduciary duty under ERISA, the complaint must contain factual allegations that the defendant was a fiduciary, and the complaint must allege loss or injury to the plan. *Nechis v. Oxford Health Plans, Inc.*, 328 F. Supp. 2d 469, 477 (S.D.N.Y. 2004), *aff'd,* 421 F.3d 96 (2d Cir. 2005). Even when read liberally, Gardner's proposed amendments do not contain sufficient factual allegations of loss or injury to the Plan. Moreover, Gardner cannot recover money damages through her claim for breach of fiduciary duty. *See Krauss v. Oxford Health Plans, Inc.*, 517 F.3d 614, 630 (2d Cir. 2008) (finding plaintiffs could not recover money damages for a breach of fiduciary duty); *see also Ciampa v. Oxford Health Ins., Inc.*, No. 14-CV-2989 (DRH), 2015 WL 2337385 at *4 (E.D.N.Y. May 13, 2015) (dismissing plaintiff's claim for breach of fiduciary duty because she did not plead entitlement "to any equitable relief, but solely 'monetary reimbursement' for her medical bills").

may have a viable claim in this regard.[7] Given her *pro se* status, Gardner is granted thirty (30) days from the date of this Memorandum and Order to seek leave to plead a claim seeking solely relief for the delay in disbursement of her $5,000 life insurance benefits. Should Gardner seek to avail herself of this opportunity, she shall file a proposed third amended complaint, so captioned and bearing the same docket number, and shall plead sufficient facts to support any such claim. Gardner shall also file a brief memorandum of law as to why such an amendment raises a proper claim and is not futile. In the event Gardner seeks to amend, Verizon will be given an opportunity to address Gardner's motion.

## CONCLUSION

For the reasons set forth above, Verizon's motion to dismiss Gardner's claims two through four and Gardner's claims for compensatory and punitive damages is granted. (Doc. No. 19-2). Moreover, Gardner's proposed amended complaint fails to allege claims upon which relief may be granted. Therefore, Gardner's motion to amend her complaint to include statutory penalties and fines is denied. (Doc. Nos. 17, 19-6). However, Gardner is granted thirty (30) days from the date of this Memorandum and Order to seek leave to amend her complaint consistent with this Court's ruling.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

---

[7] In response to Gardner's claim seeking interest, Verizon argues that "to the extent interest was owed and not paid, it would be paid by Prudential, as Prudential funded the life insurance benefit payable under the Plan and paid Gardner's claim." (Reply Mot. to Dismiss (Doc. No. 19-13) at 7 n.2; Def.'s Opp'n to Mot. Summ. J. at 8 n.1.) Verizon gives no legal or factual bases to support its position, other than a copy of the claim status showing that Prudential paid Gardner the full benefit due under the Plan. (*See generally* Reply Mot. to Dismiss; Def.'s Opp'n to Mot. Summ. J; Life Insurance Claim Status Ex. C at 42.) Accordingly, the Court makes no determination at this time as to who may be liable for any interest owed.

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to plaintiff Helen T. Gardner, *pro se*, and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
March 17, 2017

s/Roslynn R. Mauskopf
_____
ROSLYNN R. MAUSKOPF
United States District Judge