```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HELEN T. GARDNER,

                        Plaintiff,
                                                          MEMORANDUM AND ORDER
         - against -                                         16-CV-814 (RRM) (RML)

VERIZON COMMUNICATIONS INC.,

                        Defendant.
------------------------------------------------------------------X
```
ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff *pro se* Helen T. Gardner filed this action in 2016 claiming that defendant Verizon Communications Inc. wrongfully denied her ERISA plan benefits following the death of her daughter, and waited six months before eventually paying. In a March 17, 2017 Memorandum and Order, this Court dismissed three of Gardner's four claims on the grounds that they are preempted by ERISA. (3/17/17 Order (Doc. No. 31) at 6.) The Court also dismissed her claim for compensatory and punitive damages under ERISA, but gave Gardner leave to amend her complaint to include a claim seeking relief for the delay in disbursement of her $5,000 life insurance benefits. (*Id.* at 10–11.)

Since the Court's Memorandum and Order, Gardner has filed several new motions seeking various forms of relief, including three separate motions to amend her complaint (4/12/17 Proposed Am. Compl. (Doc. No. 33)); (5/26/17 Proposed Am. Compl. (Doc. No. 39)); (6/19/17 Proposed Am. Compl. (Doc. No. 44)); a motion to file an interlocutory appeal (Doc. No. 35); a motion for reconsideration (Doc. No. 47); a request for a transcript without payment (Doc. No. 57); and a motion for summary judgment (Doc. No. 63). For the reasons that follow, each of Gardner's motions are denied.

## I. Leave to Amend

Gardner's proposed amended complaints fail to include any claim for such relief. Gardner instead resubmits claims she already asserted for violations of ERISA, Sarbanes-Oxley, and the Computer Fraud and Abuse Act, for which leave to amend was denied as futile in the March 17, 2017 Order. (4/12/17 Proposed Am. Compl. at 5; 3/17/17 Order at 10.) Gardner again seeks statutory penalties and fines beyond ERISA's exclusive remedy scheme. Thus, she fails to allege claims upon which relief may be granted, and leave to amend to add these claims is denied as futile. *See Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("One appropriate basis for denying leave to amend is that the proposed amendment is futile.")

Gardner also submits new claims for fraud,[1] violations of 18 U.S.C. § 2701 ("Stored Communications Act"), and "spoliation [sic]." (4/12/17 Proposed Am. Compl. at 6–7; 5/26/17 Proposed Am. Compl.) In order to withstand a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A proposed amendment is futile when it cannot withstand a motion to dismiss. *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002). The Stored Communications Act deals with the unauthorized access or disclosure of electronic information, neither of which is alleged. No facts are presented that indicate any violation of the Stored Communications Act. Spoliation is not a stand-alone cause of action in New York. *Ortega v. City of New York*, 9 N.Y.3d 69, 83 (2007). Because even a liberal reading of Gardner's proposed amended complaint does not suggest any factual basis for her claims, she fails to state a claim for which relief could be granted.

---

[1] At an initial conference before Magistrate Judge Levy on 9/11/2017, Gardner agreed to withdraw her fraud claims. Therefore, her motion for leave to amend her complaint to include these claims is denied.

In addition to the above proposed amendments, Gardner seeks leave to amend her complaint with a new claim for failure to provide plan documents under ERISA, 29 U.S.C. §1132(c). (6/19/17 Proposed Am. Compl.)  As Verizon notes in opposition, Gardner has failed to allege that she made a written request for such documents as required.  *D'Iorio v. Winebow, Inc.*, 920 F. Supp. 2d 314, 318 (E.D.N.Y. 2013) (dismissing claim because plaintiff alleged only that she made an oral request via phone phone).  Gardner alleges "on November 16, 2015, Plaintiff, Helen T. Gardner, called the Verizon Benefits Center to advise of the passing of her daughter …and Verizon failed to provide Plaintiff with a Life Insurance Documents that Plaintiff requested."  This is insufficient to give rise to an action for penalties under section 1132(c).  As such, Gardner has not proposed a valid claim.  Moreover, Verizon has indicated that the transcript of the November 16, 2015 call demonstrates that Gardner never even made an *oral* request.  *See* Doc. No. 25, Certification of Counsel, Ex. B.  As such, any claim predicated on a request in this call, including an oral request, appears to be futile.

**II.    Additional Motions**

Following her initial conference before Magistrate Judge Levy, Gardner filed what is styled as a "request for reconsideration." (Mot. for Reconsideration.)  However, this letter simply provided additional facts to Judge Levy relating to a prior conference with the Magistrate Judge, and did not seek reconsideration of any judicial action.  As a result, there is no motion to decide.

On October 19, 2017, Gardner filed what is styled as a "Motion for More Definite Statement *Fee waiver for transcript request*" (Doc. No. 57) (emphasis in original).  It is a request for a copy of the transcript of the proceedings before Magistrate Judge Levy on September 11,

2017, together with a short form financial affidavit.  Gardner does not provide any basis as to why she needs this transcript.  As such, her request is denied.

Most recently, Gardner has filed a motion for summary judgment.  (Mot. for Summ. J.)  Because this Court dismissed all of Gardner's claims in its March 17, 2017 Memorandum and Order, and has not granted leave to file an amended complaint, Gardner cannot move for summary judgment at this time.  The motion is denied.

## CONCLUSION

For the reasons set forth above, Gardner's motions for leave to file an amended complaint, for reconsideration, for a transcript of proceedings, and for summary judgment are denied.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to *pro se* plaintiff Gardner at the address listed for her on the docket, and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York  
      March 26, 2018

*Roslynn R. Mauskopf*

_____  
ROSLYNN R. MAUSKOPF  
United States District Judge